IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 3, 2006

## STATE OF TENNESSEE v. ERNEST BANKS

**Direct Appeal from the Criminal Court for Shelby County**
**No. 05-01834     James C. Beasely, Judge**

---

**No. W2006-00216-CCA-R3-CD  - Filed January 4, 2007**

---

Defendant, Earnest Banks, pled guilty to burglarizing a motor vehicle. The trial court held a separate sentencing hearing. At the conclusion of the hearing, the trial court sentenced Defendant to three years as a Range II, multiple offender, to be served consecutively to a previous conviction. The trial court also denied Defendant's request for alternative sentencing. Defendant appeals on the grounds that the trial court erred in setting his sentence above the minimum and in denying his request for probation. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ., joined.

Robert Wilson Jones, District Public Defender; Garland Ergüden, Assistant Public Defender; and Harry Sayle, Assistant Public Defender, Memphis, Tennessee, for the appellant, Earnest Banks.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; William Gibbons, District Attorney General; Theresa McCusker, Assistant District Attorney General, and Scott Bearup, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

## I. BACKGROUND

On October 27, 2004, the victim, a plumber, loaded some items into his truck at his house. He heard a dog barking and went out to his carport to investigate. He noticed that his truck door was open and some feet were dangling out of the door. The victim told the person in the truck, Defendant, to get out of the truck and threatened to hit him with a large cinder block. The victim told Defendant to leave his house. While Defendant walked down the driveway, the victim called the police department. In order to make sure that the police arrested the correct person, the victim

followed Defendant. Defendant walked around the block and returned to the victim's house. When the victim saw Defendant returning to his house, he called the police again. Soon after he made the call, an officer came down the street with Defendant carrying a brown paper bag. The bag contained some spot lights, light bulbs, and some plumbing parts. The victim identified these items as the items that he placed in the backseat of his truck.

## II. ANALYSIS

Defendant argues two issues: that the trial court erred in imposing more than the minimum sentence and erred in denying Defendant probation.

### A. Sentencing

When a defendant challenges the length or the manner of service of his or her sentence, this Court must conduct a de novo review with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d); *State v. Imfeld*, 70 S.W.3d 698, 704 (Tenn. 2002). This presumption, however, is contingent upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999). If the record fails to show such consideration, the review of the sentence is purely de novo. *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In making its sentencing determinations the trial court must consider: (1) the evidence presented at the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct; (5) any appropriate enhancement and mitigating factors; (6) the defendant's potential or lack of potential for rehabilitation or treatment; and (7) any statements made by Defendant in his own behalf. T.C.A. §§ 40-35-103 and -210; *State v. Williams*, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995). The defendant bears the burden of showing that his sentence is improper. T.C.A. § 40-35-401(d) Sentencing Commission Comments; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

As a Range II, multiple offender, Defendant is subject to a sentence of two to four years for his conviction of burglary of a vehicle, a Class E felony. T.C.A. §§ 40-35-112(b)(5). In calculating the sentence for a Class E felony conviction, the presumptive sentence is the minimum of the range if there are no enhancement or mitigating factors. *Id*. § 40-35-210(c). If there are enhancement but no mitigating factors, the trial court may set the sentence at or above the minimum of the range. *Id*. § 40-35-201(d). Should there be enhancement and mitigating factors, the trial court must start at the minimum of the range, enhance the sentence within the range as appropriate for the enhancement factors, then reduce the sentence within the range as appropriate for the mitigating factors. *Id*. § 40-35-201(e).

We note that effective June 7, 2005, the General Assembly amended Tennessee Code Annotated sections 40-35-102, -210, and -401. *See* 2005 Tenn. Pub. Acts ch. 353, §§ 1, 6, 8. However, the amended code sections are inapplicable to Defendant's appeal. For defendants who

are sentenced after June 7, 2005, for offenses committed on or after July 1, 1982, and prior to June 7, 2005, the defendant may elect to be sentenced under the provisions of the act by executing a waiver of such defendant's ex post facto protections. There is no indication in the record that Defendant executed such a waiver. Thus, Defendant's offense, which was committed prior to June 7, 2005, will be governed by prior law. *See* T.C.A. § 40-35-114 (2005), Sentencing Commission Comments.

The trial court found two enhancement factors: (1) that Defendant had a previous history of criminal convictions or criminal behavior in addition to that necessary to establish his range and (2) that Defendant committed the present crime while on bond for an aggravated burglary. There is ample support for both these enhancement factors in the record. The pre-sentence report lists multiple prior convictions extending from 1977 to 2004 over and above the two to four prior felony convictions required to label Defendant as a Range II, multiple offender. In addition, there is evidence that Defendant was on bond for an aggravated burglary charge, for which he was subsequently convicted. The trial court found one mitigating factor, that Defendant's conduct neither caused nor threatened serious bodily injury.

This Court's review of the record shows that the trial court considered all sentencing principles as required by statute. Therefore, there is a presumption of correctness. When starting at the minimum sentence of two years, then increasing for the enhancement factors and decreasing for the mitigating factors, the Court concludes that there is ample evidence to support the trial court's sentence of three years. Defendant does not dispute the imposition of a consecutive sentence.

## B. Denial of Probation

Defendant's second argument on appeal is that the trial court erred in denying him probation or any other form of alternative sentencing. Tennessee Code Annotated section 40-35-102(5) provides as follows: "In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration." T.C.A. § 40-35-102(5) (2003 & Supp.2005). A defendant who does not fall within this class of offenders "and who is an especially mitigated offender or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary." T.C.A. § 40-35-102(6) (2003 & Supp.2005).

The trial court's determination of whether the defendant is entitled to an alternative sentence and whether the defendant is a suitable candidate for full probation are different inquiries with different burdens of proof. *State v. Boggs*, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). When a defendant is entitled to the statutory presumption favoring alternative sentencing, the state must overcome the presumption by the showing of "evidence to the contrary." *State v. Ashby*, 823 S.W.2d at 169; *State v. Bingham*, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), overruled in part on other grounds by *State v. Hooper*, 29 S.W.3d 1 (Tenn. 2000); *see* T.C.A. §§ 40-35-102(6), -103(1) (2003

& Supp.2005). However, even if the defendant is entitled to the statutory presumption favoring alternative sentencing, it is the defendant who has the burden of demonstrating his or her suitability for full probation. *Bingham*, 910 S.W.2d at 455; *see* T.C.A. § 40-35-303(b) (2003 & Supp.2005). Sentencing issues must be determined by the facts and circumstances of each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987) (citing *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986)).

When determining whether incarceration is appropriate, a trial court should consider whether (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct; (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses; or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. *Ashby*, 823 S.W.2d at 169 (citing T.C.A. § 40-35-103(1)(A)-(C)). The trial court may also consider a defendant's potential or lack of potential for rehabilitation and the mitigating and enhancement factors set forth in Tennessee Code Annotated sections 40-35-113 and -114. *Id.* §§ 40-35-103(5), -210(b)(5); *State v. Boston*, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996).

Defendant is a Range II, multiple offender, therefore, according to the statute, he is not presumed to be a favorable candidate for alternative sentencing. Defendant bears the burden of proving that he is suitable for probation. The trial court denied probation for Defendant because the trial court found that it would be unlikely that Defendant would be rehabilitated because Defendant "at age fifty is continuing to get arrested quite frequently and come through the court system." The trial court also "[could] not accept the fact that [Defendant] would be willing to do the things that would be required if he were placed on probation." The trial court also found that society would only be protected if Defendant was in custody." The trial court also found that "based upon his lengthy criminal history and criminal record . . . probation would depreciate the seriousness of the offense and likewise would not provide an effective deterrent to others likely to commit similar offenses . . . ."

This Court has reviewed the record, including the transcript of the proceedings and Defendant's pre-sentence report. There is ample evidence in the record to support the findings of the trial court. Defendant has not met his burden of showing that he is a suitable candidate for probation. Therefore, this issue is without merit.

## CONCLUSION

After a thorough review of the record, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE

-4-